19079. SIMMONS *v.* BENNETT; superintendent of banks.

DECIDED FEBRUARY 7, 1929.

*C. C. Crockett,* for plaintiff in error. *M. H. Blackshear,* contra.

JENKINS, P. J. 1. In the former adjudication in this case (*Bennett* v. *Simmons,* 30 *Ga. App.* 529 (2), 118 S. E. 493) it was held by this court that where, in an action by the superintendent of banks against a surety on a promissory note payable to a bank whose assets and business have been taken possession of by the superintendent under the act of August 16, 1919, the surety pleads that he is discharged by a refusal of a tender and demand allowable under the Civil Code, § 3545, made during such possession of the bank by the superintendent, the burden is upon the surety to prove that the tender and demand were made either to the superintendent of banks or to one duly authorized by him, as provided in the act, to make collections for the bank. In that decision it was held that the evidence submitted on the trial then under review did not demand or even authorize the verdict directed in favor of the defendant, for the reason that the person to whom the tender was alleged to have been made had not been shown to be a person authorized by the superintendent of banks to make collections for the bank. On the second trial, a verdict was directed in favor of the plaintiff, and the defendant excepted. The evidence is sub-

stantially the same as on the former trial, except that on the last trial the defendant did testify that at the time he made the tender, a liquidating agent had been appointed for the bank by the superintendent, but he testified that he did not know whether the person with whom he dealt at the time of the tender was such liquidating agent. The defendant testified, as on the previous trial, that the unknown person with whom he dealt, though apparently in charge of the banking office, disclaimed any authority to collect notes for the bank. The evidence not being materially strengthened by any testimony tending to show the identity of the person with whom the defendant dealt at the time of the tender, the former adjudication must be applied as the law of the case.

2. Subsequently to the former adjudication by this court, the defendant amended his plea, and in the amendment claimed a set-off for the amount of the value of a certain mule which he alleged the principal on the note had mortgaged to secure the obligation upon which the defendant had become surety, and alleged that the mortgage had been "disposed of or is otherwise beyond the power of the plaintiff to produce." The only effort to sustain the contention made in the amendment to the plea was by evidence of the attorney representing the plaintiff in the suit on the note, that he did not have the mortgage, never had had it, and did not know anything about it. No testimony was offered for the purpose of showing that the plaintiff had been called upon to account for the mortgage, or that the attorney had been called upon before he became a witness on the trial, or otherwise, to show that the plaintiff would be unable to produce the mortgage as charged by the plea.

3. In accordance with the foregoing rulings, the judge of the trial court did not err in directing a verdict for the plaintiff; and the defendant's petition for certiorari was properly overruled.

*Judgment affirmed. Stephens and Bell, JJ., concur.*